UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------

RONALD ROSE,

                    Plaintiff,

-against-

THE CITY OF NEW YORK; P.O. TODD CRACCO, SHIELD # 8206; DET. LAVONDA WISE, SHIELD # 2771; and SGT. GLEMAUD FRITZ; the individual defendant(s) sued individually and in their official capacities,

                    Defendants.

----------------------------------- X

CV 10 - 3069

**COMPLAINT**

ECF Case

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 02 2010 ★
BROOKLYN OFFICE

MATSUMOTO, J.

POHORELSKY, M.J.

**PRELIMINARY STATEMENT**

    1.    This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from incidents that arose on or about May 1, 2008. During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, unlawful strip search, retaliation for free speech, malicious prosecution, conspiracy, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.  Plaintiff Ronald Rose is a resident of the State of New York, Kings County.

6.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.  Defendant P.O. Todd Cracco is a New York City Police Officer, assigned shield # 8206 and employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

8.  Defendant Det. Lavonda Wise is a New York City Police Officer, assigned shield # 2771 and employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York or other as yet

unknown NYPD assignment who violated plaintiff's rights as described herein.

9.  Defendant Sgt. Glemaud Fritz is a New York City Police Officer, employed with the Brooklyn North Narcotics Bureau, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

10.  The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

11.  On May 1, 2008, at and in the vicinity of 726 Myrtle Avenue, Brooklyn, New York, the 79th Precinct, located in Brooklyn, New York and Brooklyn Central Booking, several police officers operating from the Brooklyn North Narcotics Bureau, including upon information and belief, defendants P.O. Todd Cracco, Det. Lavonda Wise, Sgt. Glemaud Fritz, and other as yet unknown police officers, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

12.  On May 1, 2008, at approximately 11:30 p.m., plaintiff was lawfully outside of 726 Myrtle Avenue, Brooklyn, New York, when, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, the defendants unlawfully detained plaintiff.

13.  Once the defendant officers detained plaintiff, he was not free to disregard their questions, or walk away or leave the scene.

3

14. While at the above-location, defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

15. During the arrest of plaintiff, defendants P.O. Todd Cracco and Det. Lavonda Wise committed excessive force against plaintiff by, among other things, maliciously, gratuitously, and unnecessarily grabbing him, and placing excessively tight handcuffs on his wrists. Those defendants who did not touch him, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

16. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since he was unarmed, compliant, and did not resist arrest.

17. Plaintiff was physically injured as a result of the excessive use of force, and suffered numbness and marks to his wrists.

18. Plaintiff engaged in free speech by, among other things, telling the defendants that he had not committed any crimes and that the defendants were acting unlawfully against him.

19. Thereafter, plaintiff was taken to the 79th Precinct, located in Brooklyn, New York for arrest processing.

20. While plaintiff was at the 79th Precinct, defendants strip-searched plaintiff, pursuant to the NYPD's unlawful policy of strip-searching detainees regardless of justification, reasonable cause or articuable suspicion.

21. Plaintiff was forced to expose his private areas.

22. Thereafter, plaintiff was taken from the 79th Precinct to Brooklyn Central Booking.

23. While plaintiff was incarcerated at the 79th Precinct and Central Booking awaiting arraignment, defendants, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes; and based upon the false statements of defendants, the Kings County District Attorney's Office prosecuted plaintiff under docket 2008KN033243.

24. Thereafter, the defendants, pursuant to a conspiracy, falsely and maliciously testified before a grand jury that plaintiff had committed various crimes; based upon the false statements of defendants, the grand jury of Kings County indicted plaintiff under Indictment #4411/2008.

25. The above-stated malicious prosecution terminated in plaintiff's favor when the case against him was dismissed in its entirety on November 23, 2009.

26. Defendant Sgt. Glemaud Fritz supervised the other defendant police officers concerning the above-mentioned unlawful acts against plaintiff, and approved the unlawful acts against plaintiff.

27. The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to investigate, use force, and search arrestees or detainees, and

treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.

28. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action. This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

29. Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

30. At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

31. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

32. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

33. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

34. The occurrence(s) and injuries sustained by plaintiff, was caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

35. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

36. Plaintiff did not resist arrest at any time during the above incidents.

37. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

38. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

39. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

40. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

41. As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

42. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### FIRST CLAIM

#### (FALSE ARREST/ UNLAWFUL SEARCH AND SEIZURE)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

8

44. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiff (or any third person) had committed a crime.

45. Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. The individual defendants' use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

48. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM

### (VIOLATING PLAINTIFF'S RIGHT TO FREE SPEECH)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. Plaintiff exercised free speech during the incident by, among other things, peacefully telling the individual defendants

that he had not committed a crime, and that the officers were mistreating plaintiff.

51. Plaintiff's use of free speech was a motivating factor in defendants' decision to arrest, use force upon, and prosecute plaintiff.

52. Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

**FOURTH CLAIM**

**(MALCIOUS PROSECUTION)**

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiff had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiff until the cases against plaintiff was dismissed in its entirety, thus terminating in plaintiff's favor.

55. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

56. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

57.     The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

### FIFTH CLAIM

#### (FAILURE TO SUPERVISE)

58.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59.     The supervisor defendants are liable to plaintiff because they supervised subordinate individual defendants concerning the above-mentioned unlawful acts against plaintiff, and approved their unlawful acts.

### SIXTH CLAIM

#### (42 U.S.C. § 1983 CONSPIRACY)

60.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61.     Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

### SEVENTH CLAIM

#### (42 U.S.C. § 1985 CONSPIRACY)

62.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.     The individual defendants arrested plaintiff in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in

order to meet productivity goals in minority and low-income neighborhoods.

64. Defendants are liable to plaintiff because they conspired against plaintiff based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiff of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

### EIGHTH CLAIM

### (UNLAWFUL STRIP SEARCH)

65. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendants are liable to plaintiff because they strip-searched plaintiff without justification, reasonable cause or articuable suspicion in violation of the Fourth and Fifth Amendments to the United States Constitution.

### NINTH CLAIM

### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

67. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

69. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants were unfit officers

who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

70. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

71. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals found at crime scenes, based on a pretext, in order to meet productivity goals; (b) fabricating evidence against individuals; (c) using excessive force on individuals; (d) retaliating against individuals who engage in free speech; and (e) strip-searching detainees without justification, reasonable cause or articuable suspicion.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
July 2, 2010

                      MICHAEL O. HUESTON, ESQ.
                      MICHAEL P. KUSHNER, ESQ.
                      *Attorneys for Plaintiffs*
                      350 Fifth Avenue, Suite 4810
                      The Empire State Building
                      New York, New York 10118
                      (212) 643-2900
                      *mhueston@nyc.rr.com*
                      *kushner.michael@gmail.com*

                      By: /s/
                      Michael P. Kushner, Esq.